Brassard, J.
This case arises out of an explosion and fire which took place on September 14, 1991, in Dracut, Massachusetts, at the home of Gail Nawn and Theodore Nawn. Three young children, Ashley and Melissa Nawn, and their cousin, Michael R. Labrie, were seriously injured in the explosion and fire. The plaintiffs have brought this suit against a number of defendants, including Bay State Gas Company (“Bay State”), alleging negligence, breach of warranty, and failure to warn.
One of the defendants noticed the deposition of Trooper James Bradbury, a Massachusetts State Police Officer who has acted as a Fire Investigator in the State Fire Marshall’s office since 1983. The deposition began on April 19, 1995. Counsel for Bay State, Henry P. Sorett, Esq. (“Mr. Sorett”), began his examination of Trooper Bradbury toward the end of the day on April 19, 1995. The deposition was continued to July 19, 1995, at which time Mr. Sorett continued his examination of Trooper Bradbury. The deposition proceedings began at 10:10 a.m. and were adjourned at 11:40 a.m. at the request of the deponent, who indicated that he wished to engage counsel to represent him in the deposition. The deposition was convened once again on August 23, 1995, at which time the deponent was represented by counsel.
On August 1, 1995, shortly after the second day of the deposition and approximately three weeks before the third day of the deposition, Mr. William Kelleher, an investigator retained by Mr. Sorett on behalf of Bay State, delivered copies of the first two depositions of Trooper Bradbury to Lieutenant Robert A. Corey of the Fire Marshall’s office. It is undisputed that Lieutenant Corey was Trooper Bradbury’s supervisor at that time. Trooper Bradbury testified at the third day of his deposition that Mr. Kelleher informed Lieutenant Corey and himself that he had been directed by Mr. Sorett to deliver the deposition transcripts to Lieutenant Corey and to advise Lieutenant Corey that Trooper Bradbury is “incompetent and incapable of doing anything except perhaps running radar on the highway *78 and that he should be removed from the Fire Investí-, gator Unit.” When this testimony came forward during the third day of the deposition, all counsel at the deposition, with the exception of Mr. Sorett, agreed that the deposition should be terminated pending the filing of motions with the court. During the course of this brief third day of the deposition, Trooper Bradbury testified that he believed that there had been an attempt to intimidate him or coerce his testimony.
Bay State has filed a motion to compel the deposition of Trooper Bradbury and for costs and sanctions. Trooper Bradbury opposes this motion and in turn seeks costs and attorneys fees. Bay State has also filed a motion to quash the deposition of Mr. Kelleher, which deposition has been noticed by the plaintiffs. The Court has reviewed carefully the lengthy papers filed by all of the parties in connection with these motions. The Court has also had the benefit of full oral argument from all parties on September 20, 1996.
At the conclusion of the third day of the Bradbury deposition, Mr. Sorett stated on the record that he instructed Mr. Kelleher to present copies of the Bradbury deposition to Trooper Bradbury’s superior when Trooper Bradbury walked out of the second session of the deposition. Mr. Sorett further stated that he told Mr. Kelleher to advise Lieutenant Corey that his client did not want to cause a rift in its relationship with the State Fire Marshall’s office “because of the lack of competence of Trooper Bradbury.” Mr. Sorett further indicated that this in no way constituted an effort or attempt on his part to intimidate the witness, but rather was an effort to protect his client’s ability to work further with the Fire Marshall’s office in .the future.
Mr. Sorett, through a representative, approached a witness who was in the very midst of his deposition testimony and who had not yet been called as a trial witness. That approach, while perhaps not purposefully directed to intimidation of the witness, was at a minimum both a serious failure to exercise good judgment and a serious failure to comply with the Rules of Civil Procedure. The approach taken by Mr. Sorett clearly had the potential to intimidate the witness. Rule 30(d) permits the Court to intervene if the deposition is being conducted “in bad faith or in such manner as to unreasonably annoy, embarrass, or oppress the deponent. . . .” The approach made by Mr. Sorett to the deponent’s supervisor in this case constitutes an unequivocal violation of that rule irrespective of counsel’s motive.
If counsel believes that the witness in a deposition is not well qualified or that the witness is overstepping his expertise, the appropriate response is not to complain about the witness to his supervisor while the witness is giving deposition testimony and before the witness has had an opportunity to testify at trial. Rather, quite obviously, the proper course for counsel in that situation is to conduct effective and vigorous, but civil and respectful, examination of the witness at deposition and at trial. Such a course of conduct serves both the interests of counsel’s client and the interests of justice.
As Mr. Sorett urges, counsel has a right to “discredit” an opposing expert witness. That discrediting, however, must take place in a deposition and in a courtroom and nowhere else. Counsel’s concerns about his client’s relationship with the office of the Fire Marshall provide neither a justification nor an excuse for the conduct at issue here.
It is apparent from the deposition transcript that counsel for Trooper Bradbury did not appear at the third day of the deposition with the intention of not going forward with the deposition. His decision not to go forward, taken in conjunction with other counsel, was not at all unreasonable. However, it clearly would have been preferable if counsel had filed a motion prior to the deposition pursuant to Rule 30(d) and Rule 26(c).
This Court will not penalize Bay State for what appears to be the actions only of its counsel. The deposition of Trooper Bradbury will go forward under the following conditions:
1. The deposition of William Kelleher will take place prior to the continued deposition of Trooper Bradbury. If the deposition of Mr. Kelleher reveals that Mr. Kelleher approached Lieutenant Corey not only at the direction of Mr. Sorett but also at the direction of Bay State, counsel may file an appropriate motion with respect to the termination of the deposition of Trooper Bradbury; and
2. The deposition of Trooper Bradbury, and indeed all further depositions in this action, will be conducted by all counsel and by the deponent in a civil manner and in full compliance with the Rules of Civil Procedure. Specifically, counsel will make no talking objections, and objections will be limited to those of form and privilege. All of the rules will be enforced strictly by this Court.
The plaintiffs wish to depose Mr. Kelleher in an effort to demonstrate that Bay State took the actions at issue with respect to Trooper Bradbury out of a consciousness of guilt. Without reaching any issue as to consciousness of guilt, the Court will permit the deposition of Mr. Kelleher to go forward under the following conditions:
1. Mr. Kelleher will bring with him to the deposition any documents which relate to his meeting with Trooper Bradbury and Lieutenant Corey, as well as any documents which relate to any instructions Mr. Keleher received as to that meeting from either Mr. Sorett or Bay State; and
2. Inquiry at the deposition of Mr. Kelleher is to be limited to what Mr. Kelleher did and said to Lieutenant Corey and Trooper Bradbury and they to him at the meeting which occurred on or about August 1, 1995, *79 and the source, if any, of instructions given to Mr. Kelleher as to his conduct on that date. If Mr. Kelleher responds that the only source was Mr. Sorett, no further questions will be directed to the deponent as to what was said by Mr. Sorett to Mr. Kelleher.
The Court has given careful consideration to the request of Trooper Bradbury for costs and attorneys fees in connection with the August 23, 1995, deposition and the instant motions. As a threshold matter, Bay State objects because the request for costs and attorneys fees was not filed pursuant to 9A. Under all of the circumstances, including the fact that the request for costs and attorneys fees was filed in September of 1995, the Court reaches this issue. Under all of the circumstances, including the Court’s decision to permit the deposition of Trooper Bradbury to go forward, the Court declines to make an award in the amount requested by Trooper Bradbury, approximately $5,000. That sum results from the attendance by counsel at the August 23 deposition and the marshaling of legal and factual arguments in connection with this series of motions. This Court concludes that the better approach would be to approximate the costs and attorneys fees which would have been incurred by Trooper Bradbury had he sought an appropriate protective order in early August 1995. After careful review of the affidavit of counsel for Trooper Bradbury in support of his request for costs and sanctions, the Court concludes that an award of $1,000 is appropriate. That sum is to be paid personally by Mr. Sorett. Bay State’s motion for sanctions is denied.
ORDER
1. Bay State’s motion to compel the deposition of Trooper Bradbury is ALLOWED in part;
2. Bay State’s motion for sanctions is DENIED;
3. Bay State’s motion to quash the deposition of Mr. Kelleher is DENIED; and
4. Trooper Bradbury’s motion for costs and attorneys fees is ALLOWED to the extent of $1,000.